Marshall, C. J.,
dissenting. I regret that I am unable to concur with my associates in these cases. It seems to me that this decision is a distinct departure from a principle many times declared by this court, in which every member of the court has concurred, viz., that this court, in reviewing an order of the Public Utilities Commission, while giving a judicial review to the orders of that administrative body, will not substitute the judgment of the court *663 for that of the commission upon issues which are purely factual. This fault in the majority opinion is the more apparent from the fact of the lengthy discussion of facts and the very meager discussion of principles. In making this statement I am not unmindful of the fact that many cases decided by this court, in reviewing orders of the commission, have determined questions of policy where no principle of law was directly involved. Considering the case from that standpoint, I can view the majority decision in no other light than as being contrary to our previous decision of the case of New York Central Rd. Co. v. Public Utilities Commission, ante, 370, 175 N. E., 596, decided March 17, 1931. There is of course no striking parallel between the facts of the two cases, except that there was a fear in the New York Central case that a certificate to a rail transportation company to operate a motor transportation paralleling its rail carriage would tend to eliminate local rail service with its attendant inconvenience to the public. Surely that fear is just as applicable to the one as to the other. Further considering the matter from the standpoint of policy, it is a well-settled policy, which is not only approved by this court, but made a positive rule for the guidance of this court by statute, viz., that in granting a certificate the Public Utilities Commission should take into consideration existing transportation facilities. The majority opinion takes into consideration only the Pennsylvania Railroad and fails to take into consideration the White Star Bus Line Company, which, while not a transportation company so long established as the Pennsylvania Company, nor so strong financially, is nevertheless a transconti *664 nental transportation company, operating through the state of Ohio, and as much entitled to protection as another transportation of longer standing. Manifestly, it is not fair to discriminate against a bus line and in favor of a rail line. This dissenting opinion gains force from the admission in the majority opinion, which states: “It is almost impossible to apply a hard and fast rule to cases of this character; each must stand upon the peculiar facts and circumstances tending to prove public necessity and convenience. ’ ’ The facilities at the command of the Public Utilities Commission for fact investigation, and its superior knowledge of the transportation companies operating in and through the state, give it an advantage in fact finding which can scarcely be estimated, and I am therefore persuaded that in the very complicated situation of this case the judgment of this court should not be substituted for that of the commission.